**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

BRIAN CHISHOLM                                    CIVIL ACTION

VERSUS                                            NO. 06-10812

TIM WILKERSON, WARDEN                             SECTION "K" (6)

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition for habeas corpus relief filed by petitioner, Brian Chisholm, pursuant to 28 U.S.C. § 2254, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**I. PROCEDURAL HISTORY**

On November 22, 2004, petitioner, Brian Chisholm, presently incarcerated in the J.

Levy Dabadie Correctional Center in Pineville, Louisiana, entered into a plea agreement with the State wherein he pled guilty to the amended charge of manslaughter in return for a ten-year sentence and an agreement that the State would not file a multiple-offender bill against him.[1] On that same date, Twenty-Fourth Judicial District Court Judge Henry G. Sullivan, Jr., sentenced petitioner, in accordance with the plea agreement, to imprisonment at hard labor for a term of ten years with credit for time served.[2]

Following his conviction and sentencing, petitioner filed numerous pleadings in state courts seeking relief in connection with his manslaughter conviction and ten-year sentence. Petitioner, however, filed only one writ application, No. 2006-KH-2261, with the Louisiana Supreme Court. The state high court rejected petitioner's writ application with a one-word order, "[d]enied." *State ex rel. Chisholm v. State*, 959 So.2d 487 (La. 2007)

In his sole writ application to the Louisiana Supreme Court, petitioner sought relief in connection with the following state appellate court decisions: *State v. Chisholm*, 2005-KH-392 (La. App. 5 Cir. Apr. 21, 2005) (unpublished opinion), *State v. Chisholm*, 2006-KH-283 (La. App. 5 Cir. Apr. 24, 2006) (unpublished opinion), and *State v. Chisholm*, 2006-KH-355 (La. App. 5 Cir. May 18, 2006) (unpublished opinion). A review of these state appellate court decisions reflects that none were adjudicated on the merits. Instead, they were rejected

---

[1]State rec., vol. 1 of 4.

[2]State rec., vol. 1 of 4.

because petitioner failed to first bring the claims encompassed in these post-conviction applications to the state district court and the state appellate court lacked original jurisdiction to hear the merits of said claims.[1]

## II. ANALYSIS

Petitioners seeking habeas corpus relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral review. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas corpus claims have been fairly presented to each reviewing state court, including the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 31-32, 124 S.Ct. 1347, 1350-1351, 158 L.Ed.2d 64 (2004); *Fisher*, 169 F.3d at 302; *Whitehead*, 157 F.3d at 387.

In *Mercadel v. Cain*, 179 F.3d 271 (5th Cir. 1999), Mercadel filed a federal habeas petition alleging a claim which he had raised in a writ application which he filed directly with the Louisiana Supreme Court, bypassing the state district and appellate courts. *Id.* at 273. The Louisiana Supreme Court denied Mercadel's writ application "in a one-word order in which the court stated that his application was '[d]enied.'" *Id*. The United States Fifth Circuit Court of Appeals, specifically recognizing that the Louisiana Supreme Court lacked

---

[1] Copies of the Louisiana Fifth Circuit's decisions in 05-KH-392, 06-KH- 283, and 06-KH-355, are contained in the State rec., vol. 2 of 4.

original jurisdiction to adjudicate Mercadel's post-conviction writ application, determined that Mercadel had failed to exhaust his state court remedies, reasoning:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (alteration and internal question marks omitted). The Louisiana Supreme Court was denied a fair opportunity to consider Mercadel's claim because Mercadel filed his state habeas petition improperly; his claim therefore remains unexhausted.

*Mercadel*, 179 F.3d at 275.

As was the case in *Mercadel*, *supra*, petitioner, in the instant situation, has not provided the Louisiana Supreme Court with a fair opportunity to pass upon his habeas corpus claims. Said claims were not presented to the state high court in a procedurally proper manner since they were not first presented to the state district court, the court with original jurisdiction. Accordingly, the court finds that petitioner has failed to exhaust his state court remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Brian Chisholm for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

4

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  12th  day of June, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge