# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN K. CHISHOLM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10812** |
| **TIM WILKINSON** | **SECTION "K"(2)** |

## ORDER

Before the Court are the Objections of Petitioner to the Report and Recommendation issued by Magistrate Judge Louis Moore, Jr. The Court has conducted a *de novo* review of those portions of the Report and Recommendations to which objections are made as required by 28 U.S.C. § 636(b)(1). Having considered the pleadings, the record, and the applicable law, the Court overrules Petitioner's Objections and adopts the Report and Recommendation of the Magistrate Judge as its opinion in this matter.

Petitioner proceeds *pro se*, and the Court will therefore liberally construes his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers"); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). The essence of Petitioner's objections to the Magistrate Judge's Report and Recommendation is that the Louisiana Fifth Circuit failed to follow its own procedure with respect to the grant or denial of his writ applications.[1] Such an

---

[1] Petitioner alleges for the first time and with no factual support that it was the Louisiana Fifth Circuit's Central Staff Director rather than a judge of the court who made decisions regarding the grant or denial of writ applications submitted by *pro se* defendants. Liberally construing the pleadings, the Court interprets such an allegation to raise a federal Due Process claim under the Constitution of the United States. However, the Court notes that in a letter to Mr. Chisholm dated August 11, 2006 the Clerk of the Supreme Court of Louisiana stated that his writ application was inadvertently discarded and requested that he resubmit his filing. Neither the record maintained by the Louisiana Supreme Court nor the record produced to this Court contains any evidence of the requested resubmission. It is therefore impossible to determine whether this federal claim was presented to the Supreme Court of Louisiana as required by 28 U.S.C. § 2254. The "exhaustion requirement is not satisfied if the petitioner presents

argument, however, is not properly made in this Court at this time because Mr. Chisholm has failed to first exhaust his State court remedies.

The Supreme Court of the United States has stated,

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) *(per curiam)* (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan, supra,* at 365-366, 115 S.Ct. 887; *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This case focuses upon the requirement of "fair presentation."

*Baldwin v. Reese*, 541 U.S. 27, 29 (U.S. 2004). "Fair presentment of the issues requires that 'the grounds urged in a federal petition were previously presented to the state's highest court in a *procedurally proper manner*.'" *Pedelahore v. Cain*, Civ. A. No. 07-5473, 2009 WL 2045982, at *2 (E.D. La. July 13, 2009) (quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).

Here, as the Magistrate Judge correctly found, Mr. Chisholm has not satisfied the exhaustion requirement because he did not present his claims to either the Louisiana Fifth Circuit or to the Louisiana Supreme Court in a procedurally proper manner. Under Louisiana law, the Louisiana Courts of Appeal have neither appellate nor original jurisdiction to issue supervisory writs involving the question of confinements arising by reasons of criminal proceedings. *State ex rel. Billodeaux v. Sheriff of Calcasieu Parish*, 224 So.2d 541, 541 (La. Ct. App. 3rd Cir. 1969). In its final opinion denying his writ applications, the Louisiana Fifth Circuit stated that

---

new legal theories or new factual claims in his federal application." *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998).

"[Mr. Chisholm] applied for original relief, which is beyond the scope of [the Louisiana Fifth Circuit's] supervisory jurisdiction." Moreover, even if he had presented his claims to the Louisiana Fifth Circuit in a procedurally proper manner, his application to the Louisiana Supreme Court would still have been procedurally defective as he failed to honor that court's request to file additional copies of his pleadings. Accordingly,

**IT IS ORDERED** that Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court; and

**IT IS FURTHER ORDERED** that the Petition of Brian Chisholm for writ of *habeas corpus* is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this ___21st___ day of August, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**